Colbassani, Admrx., Appellant, *v.* Society of Christopher Columbus.

Argued March 1, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*S. U. Colbassani,* for appellant.

*E. C. Marianelli,* for appellee.

OPINION BY RHODES, J., April 13, 1943:

This is an action in assumpsit by the administratrix c.t.a. of the estate of Virginio Colbassani, deceased, against the Society of Christopher Columbus (Societa Italiana Cristoforo Colombo), the defendant, to recover interest on eleven $100 bonds issued by defendant, and owned by the decedent at the time of his death.

The bonds provided for the payment of interest on the principal thereof at the rate of 6 per cent per annum.

The question presented to the jury was the extent to which the interest thus payable had been reduced by an agreement with the bondholders. According to plaintiff the amount due was $413.88, and according to defendant its liability was $130.68.

The jury returned a verdict for the amount admitted by defendant. Rules were granted on plaintiff's motions for judgment n.o.v. and for a new trial. Both rules were discharged, and judgment was entered on the verdict. Plaintiff has appealed.

At the trial plaintiff conceded that the following writing had been executed by all (38) holders of defendant's bonds, including plaintiff's decedent:

"December 11, 1933.

[Translation]

"On motion by Monacelli Joseph, seconded by Paffi Francesco, that all stockholders [bondholders] of the Christopher Columbus Hall are to be paid 3% per cent for each bond over $500.00 Five Hundred Dollars, and those under 5 bonds (five) will receive no percentage, beginning the first of January, 1934, to the thirty-first of December, 1934 (it being well understood that whoever has 10 bonds shall receive percentage for (5) five bonds always at 3% per cent)." [1]

The interest on the bonds had been paid in full to January 1, 1934. It was plaintiff's contention that the reduction in interest applied only from January 1, 1934, to December 31, 1934, and that thereafter the bonds bore interest at the regular rate of 6 per cent.

---

[1] This writing was in the Italian language, and the translation appears in the record. In the translation the word *sempre* has been translated *always*. In English the Italian word *sempre* means *always, ever, still.*

Defendant contended that there was no time limit to the reduction.

Defendant called three witnesses. Two were officers or members of the defendant society at the time. Objections to their competency were sustained,[2] but they were permitted to testify to the execution of the agreement by decedent and other bondholders. The execution by all the bondholders was conceded by plaintiff. The third witness was president of defendant society at the time of the execution of the agreement by the bondholders. At the time he testified he was not a member of defendant society or a bondholder. He was allowed to testify generally. We do not need to pass on the competency of this witness, as notwithstanding his testimony plaintiff's point for binding instructions should have been affirmed. The testimony of this witness related to what he said transpired at a meeting several weeks prior to the preparation and execution of the writing in question. There is no proof of fraud, accident, or mistake in the preparation or execution of this writing; it is defendant's position that the document is ambiguous, and that parol evidence of a verbal motion made at the meeting, concerning which the witness testified, to the effect that there was no limit to the arrangement was admissible to clear up the ambiguity. Plaintiff cannot thus import into the written agreement something absolutely contrary to its express terms.

But accepting as true all the evidence admitted, it fails to apply to the clear limitation in the written agreement which was executed by all the bondholders. Moreover, there is nothing ambiguous about the period for which the reduction was to be effective, and the latter part of the writing is not inconsistent with, but rather illustrative of, what goes before.

The judgment of the court below is reversed, and judgment is here entered for plaintiff in the amount of $413.88, with interest from March 28, 1941.

---

[2] Defendant admits that they were incompetent.